## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

VIVIAN WILLIAMS,                          *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *     CASE NUMBER: 1:17-cv-00245
                                          *
BISHOP STATE                              *
COMMUNITY COLLEGE,                        *
                                          *
        Defendants.                       *

## COMPLAINT

## I.  PRELIMINARY STATEMENT

1.      This is an action for declaratory judgment, equitable relief, injunctive relief, damages and interest, costs and reasonable attorney's fees to redress the deprivation of rights secured to Plaintiff by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "FMLA"). Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her for asserting those rights.  Plaintiff seeks stated relief and requests a jury trial.

This is also an action to enforce Plaintiff's due process rights afforded her under the United States Constitution and 42 U.S.C. §1983 as well as the Alabama Constitution at Article 1,§§10 and 13.  Defendant failed and refused to provide guaranteed due process rights which were due Plaintiff prior to her termination.  Plaintiff seeks damages, punitive damages, emotional distress damages, equitable and other legal relief for that deprivation of rights.

## II.  JURISDICTION

2.      Jurisdiction of this claim is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. §§ 2201 and 2202.

### III.  VENUE

3.      This action properly lies in the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391(b) as the unlawful practices alleged below were committed in this judicial district.

### IV.  PARTIES

4.      Plaintiff Vivian Williams is a citizen of the United States and resides in Mobile County, Alabama, which is within the judicial district of this Court.

5.      Defendant is, and was at all times relevant hereto, an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A), which engage in an industry affecting commerce, and employed fifty or more employees for each working day during each twenty or more calendar work weeks in the current or preceding year.  Defendant is a public educational institution and, as such, subject to the requirements of the FMLA.  At all times relevant hereto, Defendant maintained its primary institution in Mobile, Alabama which is the location of Plaintiff's employment.

6.      Plaintiff was employed by Defendant from 2011 until her unlawful termination on August 31, 2016.  At all times relevant hereto, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A). At the time of her termination, Plaintiff was employed as the ADA (Americans with Disabilities Act) Coordinator.

### V.  FACTS

7.      On or about October 15, 2011, Plaintiff was hired by Defendant to serve as a counselor in the Learning Assistance Center.  Plaintiff remained in that position until approximately August 2013.

8.      In August 2013, Plaintiff assumed the position of ADA Coordinator.  Plaintiff remained in that position until she was terminated on August 31, 2016.

9.      During here employment with Defendant, Plaintiff was evaluated annually.  The rating scale ranges from 1 to 4 as follows:

1 - Needs Improvement

2 - Average

3 - Above Average

4 - Excellent

For her 2014 and 2015 evaluations in the ADA Coordinator position, Plaintiff received "excellent" ratings.  The Dean of Students, Terry Hazzard, was Plaintiff's supervisor and rated her.

10.     From May 25, 2016, until August 22, 2016, Plaintiff was on Family and Medical Leave Act (FMLA) leave which she had properly requested and was granted due to required surgery.  Shortly after she returned from leave, on or about August 25, 2016, Plaintiff was presented with her 2016 annual performance evaluation by Dean Hazzard's secretary to told to sign it.  Plaintiff declined to simply sign the evaluation without reviewing it which, in the past, was part of the evaluation process.  Plaintiff's rating had declined precipitously to "average."  Plaintiff was shocked by this and planned to discuss it with Dean Hazzard.

11.     On August 31, 2016, Plaintiff was summoned to the President Reginald Sykes office.  President Sykes showed here two documents and told her to sign one and read one.  The document Plaintiff read was her letter of termination.  The document Plaintiff signed was an acknowledgment of receipt for the letter of termination.

12.     Plaintiff asked the president why she was being terminated.  The president informed the Plaintiff that he did not have to tell her because she was a probationary employee.

13.     Plaintiff's termination came just nine (9) days after returning from FMLA leave.

14.     At the time of her employment, Plaintiff had been a full-time employee of Bishop State Community College for slightly less than six (6) years.

15.     The law governing Plaintiff's situation, the Students First Act, AL CODE § 16-24C-1 *et seq.*, states:

> A probationary classified employee of a two-year educational institution operated under the authority and control of the Department of Postsecondary Education shall attain nonprobationary status upon the completion of 36 consecutive months of employment at the same

two-year institution, unless the president issues notice of termination
to the classified employee on or before 15 days prior to the end of the
thirty-sixth month of employment.
AL CODE § 16-24C-4(2).

Plaintiff completed 36 consecutive months of employment at the Defendant institution far in advance

of her termination and, therefore, had attained "nonprobationary status."

16.     Because of Plaintiff's nonprobationary status, she was due to be informed of the

reason(s) for her termination and to be advised of her appeal rights.  See AL CODE § 16-24C-6(b).

And, upon perfecting her appeal, Plaintiff was due a hearing to determine the merits of the reasons

underlying her termination before that termination is executed. SEE AL CODE § 16-24C-8.

## VI.  CAUSES OF ACTION

A.     COUNT 1 - VIOLATION OF THE FMLA

17.     Plaintiff incorporates and re-alleges Paragraphs 1 through 16 as though fully set out

herein.

18     Plaintiff was an eligible employee under the FMLA in that she worked for more than

12 months and had worked more than 1250 hours of service within the preceding 12 months and had

worked at a location where at least 50 employees were employed.

19.     As a result of her serious medical condition, Plaintiff requested and was granted

medical leave from the Defendant beginning May 25, 2016.

20.     Defendant knew that Plaintiff had been on approved FMLA leave and had returned

to work on August 23, 2016.  Defendant retaliated against Plaintiff for taking this FMLA leave by

terminating her on August 31, 2016, – only nine days after her return to work.

21.     Defendant's action in terminating Plaintiff because of her use of FMLA leave was

done intentionally, maliciously, and with reckless indifference.

22.     Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost

benefits, an injunctive and declaratory judgment.  Plaintiff is suffering and will continue to suffer

irreparable injury from Defendant's unlawful policies and practices as set forth herein unless

enjoined by this Court.

23.     Defendant's unlawful actions against Plaintiff were not made in good faith, nor did Defendant have any reasonable grounds for believing that such acts were not a violation of Plaintiff's federally protected rights.

B.      <u>COUNT 2 - VIOLATION OF PROCEDURAL DUE PROCESS & 42 U.S.C. §1983</u>

24.     Plaintiff incorporates and re-alleges Paragraphs 1 through 27 as though fully set out herein.

25.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendant from depriving  persons of life, liberty, or property without due process of law.  Article 1, §13 of the Alabama Constitution also provides Alabama citizens with due process protections.

26.     Plaintiff had a liberty and/or property interest in her job from which she derived the vast majority of her income.

27.     On August 31, 2016, Defendant incorrectly informed Plaintiff that she remained a probationary employee and that no reason for her termination was necessary.  Furthermore, Defendant failed to provide any prior notice of her termination and failed to disclose to Plaintiff her appeal rights.  By way of this misinformation and failure, Defendant deprived Plaintiff of her interests without due process of law.

28.     As a result, the Defendant violated Plaintiff's due process rights under the United States Constitution and 42 U.S.C. §1983 as well as Article 1, §13 of the Alabama Constitution.

29.     Plaintiff seeks to redress the wrongs alleged herein by recovery of lost wages, lost benefits, compensatory damages and injunctive and declaratory judgment.  Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.   Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights under the FMLA, the United States Constitution and 42 U.S.C. §1983;

B.   Enjoin Defendant from engaging in such conduct;

C.   Restore Plaintiff to her job or, in lieu of reinstatement, order front pay and benefits for the period remaining until normal retirement age;

D.   Award Plaintiff compensatory damages including lost income, wages, lost employment benefits, and emotional distress.

E.   Award Plaintiff liquidated damages in an amount equal to the back pay, wages, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA up to the date of reinstatement or award of front salary and benefits;

F.   Award Plaintiff costs and attorney's fees; and

G.   Grant such other legal and equitable relief as it may deem just and proper.

## VIII.  JURY DEMAND

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY OF ALL CLAIMS**.

 s/  Richard W. Fuquay
**RICHARD W. FUQUAY (FUQUR6214)**
**Attorney for Plaintiff**
**Post Office Box 40633**
**Mobile, Alabama  36640**
**Telephone: (251) 473-4443**
**Fax Number (251) 473-4486**
**Email: Rwf@diamondfuquay.com**

 s/  Edward L.D. Smith
**EDWARD L.D. SMITH (SMITE0296)**
**Attorney for Plaintiff**
**2402 AmSouth Bank Building**
**107 Saint Francis Street**
**Mobile, Alabama 36602**
**Telephone: (251) 431-9000**
**Fax Number: (251) 438-9900**
**Email: Edward@edwardsmithlaw.com**

Please serve Defendant by certified mail to the following address:

Bishop State Community College
c/o Dr. Reginald Sykes, President
351 N. Broad Street
Mobile, AL 36603